**BURSOR & FISHER, P.A.**
Scott A. Bursor
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RAMON G. MARTINEZ and MOSES LOPEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGICJACK LP a/k/a MAGICJACK, YMAX HOLDINGS CORPORATION,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiffs Ramon G. Martinez and Moses Lopez ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between January 3, 2018 and June 21, 2018, Defendants Magicjack LP a/k/a Magicjack and/or YMAX Holdings Corporation a/k/a Magicjack Holdings Corporation (collectively "Magicjack" or "Defendants") called Mr. Martinez's and Mr. Lopez's respective cellular telephones using an automatic telephone dialing system without the prior express consent of either Plaintiff.

2. Mr. Lopez received at least one call from Defendants, including a call on January 3, 2018 using an automatic telephone dialing system and an artificial and prerecorded voice. The call was placed from the following telephone number: (480) 319-7609. When this number is called back, a recording plays stating: "If you would like to make and receive calls anywhere in the United States absolutely free, simply visit MagicJack.com and begin making calls for free."

3. Mr. Martinez also received at least one call from Defendants, including a call on June 21, 2018 using an automatic telephone dialing system and an artificial and prerecorded voice. The call was placed from the following telephone number: (805) 876-3114. When this number is called back, a recording plays stating: "If you would like to make and receive calls anywhere in the United States absolutely free, simply visit MagicJack.com and begin making calls for free."

4. Defendants placed these calls with a predictive dialer with the capacity to store and dial a list of telephone numbers without human intervention.

CLASS ACTION COMPLAINT    1

5.      Defendants also placed these calls using an artificial or pre-recorded voice.

6.      Plaintiffs did not give Defendants prior express written consent to make these calls.

7.      Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an Automatic Telephone Dialing System, and pre-recorded voice, without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

## PARTIES

8.      Plaintiff Ramon G. Martinez is, and at all times mentioned herein was, a resident of Oxnard, California, and is a citizen of the State of California.

9.      Plaintiff Moses Lopez is, and at all times mentioned herein was, a resident of Brooklyn, New York, and a citizen of the State of New York.

10.     Defendant Magicjack is, upon information and belief, a Foreign Limited Partnership with its principal place of business at 560 Village Boulevard, Suite 120, West Palm Beach, Florida 33409.

11.     Defendant YMAX Holdings Corporation a/k/a Magicjack Holdings Corporation is a Foreign Profit Corporation incorporated in Delaware, and with a principle place of business of 560 Village Boulevard, Suite 120, West Palm Beach, Florida 33409.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in

the proposed class; (b) some members of the proposed class have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

13. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

14. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants have their principle place of business in this District, Defendants transact significant business within this District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. The Telephone Consumer Protection Act Of 1991

15. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The same section forbids making calls using an "artificial or prerecorded voice." *Id.* The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the

consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Calls to Plaintiffs and Class Members**

17.    Prior to the calls at issue in this action, Plaintiffs never had any contact with Defendants.  Plaintiffs have never consented in writing, or otherwise, to receive autodialed calls from Defendants to their respective cellphones.  Plaintiffs never provided Defendants with their telephone numbers.

18.    In total, Defendants called Plaintiffs at least once each using an autodialer and artificial prerecorded voice without their prior express written consent.

19.    When Plaintiffs answered Defendants' calls, they heard a momentary pause before someone (or a prerecorded voice) started speaking to them.  This pause indicates that Defendants placed the calls at issue with a predictive dialer: equipment with the capacity to store and dial a list of telephone numbers without human intervention.

20.    Plaintiffs asked Defendants that they not be called anymore, but Defendants kept calling.

## CLASS ALLEGATIONS

21.    Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, individually, and on behalf of the following class:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA and/or with an artificial or

prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

22. Plaintiffs represent, and are members of, this proposed class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

23. **Numerosity.** Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believe, based on the scale of Defendants' business, that the class is so numerous that individual joinder would be impracticable. The true number of Class members is known by Defendants.

24. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an autodialer without their prior express written consent;
    b. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
    c. Whether Defendants' conduct was knowing and/or willful;
    d. Whether Defendants are liable for damages, and the amount of such damages, and
    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

25. There are well defined, nearly identical, questions of law and fact affecting all parties.

26. Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendants.

28. **Typicality.** Plaintiffs assert claims that are typical of each member of the class because they are all persons who received calls on their telephones using an autodialer and/or artificial or prerecorded voice without their prior express written consent. Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

29. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel that is highly experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendants is negligible because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims

because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31.   Defendants have acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### COUNT I
### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*)

32.   Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

35.   Plaintiffs and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

36.   Plaintiffs and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## COUNT II
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.)

37. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiffs and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

41. Plaintiffs and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all members of the proposed class the following relief against Defendants:

   a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

   b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiffs are proper representatives of the class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  July 10, 2018                              Respectfully submitted,

By:   */s/ Scott A. Bursor*
         Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com